IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kathy Diane Christensen, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 0:17-cv-00190-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER** |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
|         Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 24), filed on February 28, 2018, recommending that the Commissioner's Decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g), and that this case be remanded to the Commissioner for further consideration in a manner consistent with the Report.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

On March 14, 2018, the Commissioner replied (ECF No. 25) to the Report, stating that she was not going to file any objections to the Report. Plaintiff also did not file any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record, the court finds the Report provides an accurate summary of the facts and law. As neither party objects to the Report, the court **ACCEPTS** the Report (ECF No. 24), **REVERSING** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDING** this matter to the Commissioner for further consideration in a manner consistent with the Report.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 6, 2018
Columbia, South Carolina